## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

CELERA TELECOM LTD., f/k/a
LOGIK COMMUNICATIONS
PTE., LTD.,

      Plaintiff,

v.

LDI NETWORKS, INC.,

      Defendant.
_____/

Case No. 1:21-cv-20324

**COMPLAINT FOR RECOGNITION OF FOREIGN COUNTRY MONEY JUDGMENT**

Plaintiff Celera Telecom Ltd., ("Celera"), f/k/a Logik Communications Pte., Ltd., pursuant to Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act, Fla. Stat § 55.601, *et seq.* (the "Recognition Act"), hereby files this Complaint against Defendant LDI Networks, Inc. ("LDI") for the recognition, domestication, and enforcement of one out-of-country foreign money judgment and alleges as follows:

### INTRODUCTION

1. This is an action for recognition, domestication, and enforcement of a December 3, 2020 money judgment issued by the Queen's Bench Division of the Business and Property Courts of England and Wales, Claim No. QB-2019-000453 in the United Kingdom in favor of Celera against LDI. Summary judgment was awarded to Celera and LDI was ordered to pay €2,201,998.94 (comprising the principal debt of €1,496,861.72 plus then-accrued interest of €705,137.22). In addition, LDI was ordered to pay Celera's costs of £11,757 and £112,028.49 associated with the proceedings. (*See* Dec. 3, 2020 Summary Judgment Order, attached as **Exhibit 1** (the "U.K. Money Judgment").) Together with an Affidavit required under Florida's Recognition Act, the U.K. Money Judgment is being concurrently recorded with Miami-Dade County Public Records. A true and

correct copy of the Affidavit to be recorded is attached as **Exhibit 2**.

2. The U.K. Money Judgment is based on Celera's lawsuit filed against LDI on February 7, 2019 in the Queen's Bench Division of the Business and Property Courts of England and Wales, Claim No. QB-2019-000453 (the "U.K. Action"). Celera filed the U.K. Action against LDI to collect sums owed by LDI to third-party Exclusive Group, LLC ("Exclusive") pursuant to a Reciprocal Telecommunications Service Agreement dated May 3, 2017 ("RTS Agreement"). Exclusive assigned LDI's accounts receivable under the RTS Agreement to Celera pursuant to a May 11, 2018 notice of assignment (the "Assignment Agreement") intended to satisfy Exclusive's debt obligations to Celera incurred under a June 29, 2017 Services and Financing Agreement (the "Financing Agreement").

3. LDI was afforded ample notice, opportunity to be heard, and due process before the U.K. Money Judgment was entered against it. The U.K. Money Judgment was entered by a court with competent jurisdiction, does not offend the public policy of the State of Florida, and none of the grounds for non-recognition of an out-of-country foreign judgment under section 55.605, Florida Statutes, is present.

4. Accordingly, Celera hereby seeks and is entitled to recognition, domestication, and enforcement of the U.K. Money Judgment under Florida's Recognition Act.

## PARTIES, JURISDICTION, AND VENUE

5. Celera is a corporation organized and existing under the laws of the British Virgin Islands with its principal place of business located at Palm Grove House, Road Town, Tortola, British Virgin Islands.

6. LDI is a corporation organized under Florida law that purports to be a legitimate telecommunications carrier. LDI's registered office and principal place of business is in Coral Gables, Florida.

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Celera and LDI.

8.  Moreover, the amount in controversy exceeds $75,000, not counting interest and costs of court, because Celera seeks recognition, domestication, and enforcement of the U.K. Money Judgment which awarded Celera €2,201,998.94 and costs Celera incurred in the U.K. Action of £11,757 and £112,028.49.

9.  The Court has general jurisdiction over LDI because LDI's principal place of business is in Coral Gables, Florida.

10. The Southern District of Florida is the proper venue pursuant to 28 U.S.C. § 1391(b) because LDI's registered office and principal place of business is in Miami-Dade County.

11. All conditions precedent to bringing this action have been performed, excused, waived, or would be futile.

## FACTS

### I. Background

12. Celera is an international telecommunications services company.

13. On June 29, 2017, it executed the Financing Agreement with third-party wholesale telecommunications carrier, Exclusive.

14. Exclusive is an international voice-telecommunications company that provides wholesale telecommunications routes, usually as an intermediary between two telecommunications carriers, in order to place telephone calls.

15. On May 1, 2018, Exclusive terminated the Financing Agreement. Exclusive's outstanding debt obligation to Celera was €1,248,221.75 and $2,979,898.50.

16. Exclusive informed Celera it intended to resolve its debt obligation by assigning account debtors' accounts receivable. Exclusive's accounts receivable for LDI was one such account.

17. On May 11, 2018, Exclusive provided a notice of assignment to Celera, which included assignment of the accounts receivable for LDI's debt for traffic flow routed by Exclusive. As of May 11, 2018, LDI owed €1,496,861.72 to Exclusive based on three invoices ("LDI's Debt"). On that same date, Exclusive informed Celera that it had notified Exclusive of the notice of assignment.

**II.    The U.K. Action**

18. Based on the RTS Agreement, Celera retained counsel in the United Kingdom to enforce the assignment against LDI. On December 7, 2018, Celera's counsel in the U.K. Action sent pre-litigation correspondence to LDI regarding the assignment and included copies of the assignment. LDI, through counsel, responded on December 20, 2018. LDI did not deny that it received notice of the assignment. Celera and LDI, however, could not amicably resolve the dispute over LDI's Debt out of court.

19. On February 7, 2019, Celera filed the U.K. Action to collect sums owed by LDI to Celera under the RTS Agreement pursuant to the Assignment Agreement.

20. LDI, represented by counsel, appeared in the U.K. Action without raising any challenge to the court's subject matter jurisdiction, personal jurisdiction, or venue. Rather, LDI's principal defenses appeared to be that it was not obligated to pay Celera because LDI was not notified of the assignment to Celera (the "Notification Defense") and, in any event, it did not owe any sums to Exclusive at the time of the assignment (the "Netting Off Defense"). (*See* Ex. 2 at ¶ 4.)

21. On August 11, 2020, LDI's attorneys, Memery Crystal LLP, withdrew as counsel for LDI. (*See id.* at ¶ 8.) LDI did not obtain substitute counsel, stopped participating in the proceedings, and ignored court orders.

22. LDI, however, received notice of relevant court filings, notices, and orders. In fact, Celera hand-delivered copies of its September 15, 2020 summary judgment application to LDI and its

4

registered agent on October 2 and 3, 2020, respectively, and the court's October 22, 2020 notice of scheduling the December 3, 2020 telephone hearing on November 3, 2020. It also provided LDI with the Summary Judgment Bundle Index and telephone hearing details by e-mail. And the bundle, statement of costs, and outline for the summary judgment oral argument were also sent to LDI by e-mail.

### III.   The U.K. Money Judgment

23. On December 3, 2020, the court held a hearing on Celera's summary judgment application.

24. The court pronounced its judgment orally at the conclusion of the hearing. A true and correct copy of the court-approved transcript of the judgment is attached as **Exhibit 3**.

25. The court rejected LDI's four potential defenses. (*Id.* at ¶¶ 4-10.) It noted that LDI's Netting Off Defenses was "struck out" because documents requested by Celera during the course of discovery were never provided by LDI. (*Id.* at ¶ 6.) The court further rejected LDI's Notification Defense, noting it was "entirely satisfied" that LDI received notice of the assignment. (*Id.* at ¶ 9.)

26. The court also acknowledged LDI failed to attend the hearing although they were "given due notice of it … in good time and were provided with the mechanism to join this hearing." (*Id.* at ¶ 11.)

27. Finally, the court observed that LDI had "no realistic prospect of successfully defending this claim" and "I fail to see why the claimant should be put to any further time or expense before achieving judgment in these proceedings." (*Id.* at ¶ 12.)

28. Following the hearing, the court issued a written order awarding summary judgment to Celera in the total amount of €2,201,998.94 (comprising the principal debt of €1,496,861.72 plus then-accrued interest of €705,137.22). In addition, LDI was ordered to pay Celera's costs of £11,757 and £112,028.49 associated with the proceedings.

29. Celera hand-delivered a copy of the U.K. Money Judgment to LDI on December 7, 2020. (*See* Return of Service, attached as **Exhibit 4**.)

30. Based on the Legal Opinion of the United Kingdom law firm Fieldfisher LLP, the deadline for LDI to appeal the U.K. Money Judgment has passed and, thus, LDI has no further opportunity to appeal the U.K. Money Judgment. (*See* Legal Opinion: Enforcement of Judgment dated 3 December 2020 at ¶¶ 3.8 and 3.9, attached as **Exhibit C** to Ex. 2.)

## COUNT 1:
## RECOGNITION OF JUDGMENT PURSUANT TO FLA. STAT. § 55.601, *ET SEQ.*

31. Celera re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30, as if fully set forth herein.

32. As particularly set forth in the U.K. Money Judgment, summary judgment was entered in favor of Celera and against LDI on December 3, 2020. Celera is, thus, entitled to receive payment of €2,201,998.94 (comprising the principal debt of €1,496,861.72 plus then-accrued interest of €705,137.22), its costs of £11,757 and £112,028.49 associated with the proceedings, and additional post-judgment interest accrued following the U.K. Money Judgment. (*See* Ex. 1.)

33. The U.K. Money Judgment is final, conclusive, and enforceable.

34. Courts in the United States, including Florida courts, regularly recognize and enforce judgments from the United Kingdom. The fundamental principles underlying Florida's Recognition Act support the recognition and enforcement of the U.K. Money Judgment before this Court.

35. LDI submitted to the court's jurisdiction in the United Kingdom. In fact, LDI appeared and submitted four defenses to Celera's claim. (*See* Ex. 3 at ¶ 4.) LDI did not raise any defenses relating to subject matter jurisdiction, personal jurisdiction, or venue. It was only after August 11, 2020, that it stopped participating in the U.K. Action, failed to obtain substitute counsel, and ignored various court orders.

36. The United Kingdom's Queen's Bench Division of the Business and Property Courts of England and Wales had subject matter jurisdiction over the U.K. Action, an action to collect sums due under a valid contract.

37. The U.K. Money Judgment is compatible with the requirements of due process of law. LDI had notice and an opportunity to be heard regarding the summary judgment application and hearing. (*See id.* at ¶ 11.) LDI simply chose not to attend. Moreover, the court in the United Kingdom was an impartial tribunal.

38. The U.K. Money Judgment does not conflict with any final and conclusive judgment.

39. The United Kingdom was not an inconvenient forum. The venue selection and dispute resolution provisions in LDI's RTS Agreement with Exclusive were the result of a negotiated, arm's length transaction. Moreover, LDI chose to submit to the jurisdiction of the court in the United Kingdom.

Wherefore, based on the foregoing, Celera respectfully requests that this Court enter judgment in favor of Celera declaring the U.K. Money Judgment is entitled to recognition under Florida's Recognition Act, conclusive between Celera and LDI, and entitled to enforcement in the State of Florida, as well as for post-judgment interest, attorney's fees and costs, and such other relief as this Court deems just and proper.

[Signature block on following page]

Complaint for Recognition of<br>Foreign Country Money Judgment<br>*Celera Telecom Ltd. v. LDI Networks, Inc.*

| | |
|---|---|
| Dated: January 26, 2021 | Respectfully submitted,<br><br>STUMPHAUZER FOSLID SLOMAN<br>ROSS & KOLAYA, PLLC<br>Two South Biscayne Boulevard, Suite 1600<br>Miami, FL  33131<br>Telephone: (305) 614-1400<br>Facsimile: (305)614-1425<br><br>*/s/ Ian M. Ross*<br>IAN M. ROSS<br>Florida Bar No. 091214<br>iross@sfslaw.com<br>JORGE A. PEREZ SANTIAGO<br>jperezsantiago@sfslaw.com<br>electronicservice@sfslaw.com<br><br>*Counsel for Plaintiff Celera* |