UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-20324-CIV-SCOLA/GOODMAN

CELERA TELECOM LTD., f/k/a
LOGIK COMMUNICATIONS
PTE., LTD.,

    Plaintiff,

v.

LDI NETWORKS, INC.,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS
ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This Cause is before the Undersigned following receipt of Plaintiff's Motion for Default Judgment [ECF No. 12], which was referred to the Undersigned by District Court Judge Robert N. Scola ("the District Court"). [ECF No. 13]. The Undersigned has reviewed the motion and other relevant portions of the record.[1] For the reasons given below, the Undersigned **RESPECTFULLY RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's motion.

**I.    Background**

On January 26, 2021, Plaintiff Celera Telecom Ltd. ("Celera") filed a Complaint against Defendant LDI Networks, Inc. ("LDI"), seeking recognition of a foreign

---

[1] Defendant has not filed a response to Plaintiff's motion, and the time to do so has now expired.

judgment pursuant to Florida Statute § 55.601 *et seq.* [ECF No. 1]. A summons issued to LDI on January 27, 2021 [ECF No. 3] was returned executed on February 1, 2021. [ECF No. 8]. LDI did not respond to the Complaint. Celera filed a Motion for Clerk's Entry of Default on March 18, 2021 [ECF No. 10], which was entered the same day. [ECF No. 11]. On April 7, 2021, Celera filed the present motion. [ECF No. 12].

II. **Legal Standards**

    A. **Default Judgment**

Federal Rule of Civil Procedure 12(a)(1)(A)(i) states that a defendant has 21 days from the date of service to respond to a complaint. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a final default judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

A court may conduct a hearing on a motion for default judgment when, in order to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (finding that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion.").

### III. Analysis

#### A. Recognition of the Foreign Money Judgment

Celera's Complaint asserts a single cause of action against LDI – a declaratory judgment recognizing and domesticating the out-of-country foreign judgment issued by the Queen's Bench Division of the Business and Property Courts of England and Wales, Claim No. QB-2019-000453, in the United Kingdom ("the U.K. Judgment") against LDI pursuant to Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act, Fla. Stat. § 55.601, *et seq*. ("the Recognition Act").

The Recognition Act, which sets forth the procedures necessary to obtain recognition of a foreign money judgment, "applies to any out-of-country foreign money judgment that is final and conclusive and enforceable where rendered." Fla. Stat. § 55.603. It is the responsibility of the American court to determine "whether the foreign judgment is final and conclusive and enforceable in the country where the judgment was rendered." *Soc'y of Lloyd's v. Sumerel*, No. 2:06CV329FTM-29DNF, 2007 WL

3

2114381, at *2 (M.D. Fla. 2007) (citing *Nadd v. Le Credit Lyonnais, S.A.*, 804 So. 2d 1226, 1231-32 (Fla. 2001)). Once a foreign money judgment is recognized, "it is immediately enforceable in Florida as though it were a final judgment of a Florida court." *Soc'y of Lloyd's*, 2007 WL 2114381, at *2 (citing *Nadd*, 804 So. 2d at 1233).

The well-pleaded allegations of Celera's Complaint clearly establish that the U.K. Judgment satisfies the requirements under the Recognition Act for purposes of recognition and domestication by the District Court. Specifically, the Complaint establishes that the U.K. Judgment:

- Is a final, conclusive, and enforceable money judgment in the United Kingdom that was issued by a court of competent jurisdiction. [ECF No. 1, p. 6, ¶ 33].

- Was issued under a system that provides impartial tribunals and procedures compatible with the requirements of due process of law. [*Id.* at p. 7, ¶ 37].

- Was rendered by a court that had jurisdiction over the subject matter and over LDI. [*Id.* at ¶ 36].

Because Plaintiff has satisfied the Recognition Act's criteria, the Undersigned **respectfully recommends** the District Court enter a Final Judgment recognizing and domesticating the U.K. Judgment in accordance with the Recognition Act.

### B. Interest on U.K. Judgment

Celera also seeks post-judgment interest under English law. English law provides that money judgments, including the U.K. Judgment, accrue post-judgment

interest at a rate of 8% per annum. *See* s. 17 Judgment debts to carry interest., Judgments Act 1838 c. 110 ("Every judgment debt shall carry interest at the rate of 8 pounds per centum per annum from such time as shall be prescribed by rules of court until the same shall be satisfied, and such interest may be levied under a writ of execution on such judgment."); *see also* [ECF No. 12-2, ¶¶ 4, 6].

In support of this request, Plaintiff cites district court cases from Colorado and Texas, and an appellate decision from the Tenth Circuit Court of Appeals. None of these decisions are binding on this Court, nor are they applying similar law. *Compare* Fla Sta. § 55.604(5) ("Upon entry of an order recognizing the out-of-country foreign judgment . . . the out-of-country foreign judgment *shall be enforced in the same manner as the judgment of a court of this state.*" (emphasis added)) *with* § 13-62.1-109(1), C.R.S. ("[R]ecovery of pre-judgment or pre-award interest and the rate of interest to be applied . . . are matters of the substantive law governing the right to recovery under the conflict-of-laws rules of this state."); *see also EOS Transport Inc. v. Agri-Source Fuels LLC*, 37 So. 3d 349, 352 (Fla. 1st DCA 2010) ("When a Florida court grants recognition under the Act to a foreign judgment, the judgment is immediately enforceable as though it were a final judgment of a Florida court." (internal quotations omitted)).

In Plaintiff's Complaint, it invoked this Court's diversity jurisdiction. [ECF No. 1]. When subject matter jurisdiction is founded on diversity of citizenship, state law governs entitlement to post-award and prejudgment interest. *Rollins, Inc. v. Black*, 167 F.

App'x 798, 800 n.4 (11th Cir. 2006); *but see G.M. Bord & Co., v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir. 1985) (rejecting argument that district court erred in applying federal interest rate rather than state interest rate in diversity action).

In Florida, the Chief Financial Officer sets the rate of interest payable on judgments or decrees. Fla. Stat. § 55.03(1). Relevant to this case, Florida's Chief Financial Officer has set the following judgment interest rates:

| Effective Date | Rate Per Annum | Daily Rate as a Percentage | Daily Rate as a Decimal |
| --- | --- | --- | --- |
| October 1, 2021 | 4.25% | .0116438% | .000116438 |
| July 1, 2021 | 4.25% | .0116438% | .000116438 |
| April 1, 2021 | 4.31% | .0118082% | .000118082 |
| January 1, 2021 | 4.81% | .0131781% | .000131781 |
| October 1, 2020 | 5.37% | .0146721% | .000146721 |

Division of Accounting and Auditing, Current Judgment Interest Rates, *available at* https://www.myfloridacfo.com/division/aa/localgovernments/current.htm (last visited Sept. 7, 2021).

Here, it is inconsequential whether the interest is considered prejudgment or post-judgment interest. Celera received its English judgment on December 3, 2020, which already provided for interest before issuance of the judgment. [ECF No. 1-1]. Therefore, there is no interest available prior to the issuance of the U.K. Judgment. Even if the period between issuance of the U.K. judgment and its recognition in the United States were considered prejudgment, interest would still be recoverable. *Argonaut Ins.*

6

*Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985) ("In short, when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.").

Florida does not provide different rates for prejudgment or post-judgment interest. *See Genser v. Reef Condominium Ass'n, Inc.*, 100 So. 3d 760, 762 (Fla. 4th DCA 2012) ("Courts apply the statutory judgment interest rate from the date of loss or entitlement under section 55.03 for purposes of calculation of pre-judgment interest."); *D'Agostino v. CCP Ponce, LLC*, 274 So. 3d 1141, 1149 (Fla. 3d DCA 2019) (explaining that Florida Statute § 55.03(1) sets the post-judgment interest rate). Because Plaintiff is entitled to both prejudgment and post-judgment interest, it is, therefore, irrelevant whether the interest accruing after the date of the U.K. Judgment but before an entry of the Florida judgment is considered prejudgment or post-judgment.

The Recognition Act requires foreign judgments to be treated the same as a judgment entered in Florida. Fla Sta. § 55.604(5). Because Plaintiff is entitled to both prejudgment and post-judgment interest beginning on December 3, 2020, the Undersigned **respectfully recommends** the District Court award Plaintiff interest in accordance with Florida Statute § 55.03(1).

### C. Attorneys' Fees and Costs

Plaintiff's request for Attorneys' fees is premature. Local Rule 7.3(a)(1) (motions for attorneys' fees "shall be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim." (cleaned up)). Plaintiff has not yet received a final judgment or order giving rise to the claim, so the sixty-day period to file this motion has not yet begun.

Accordingly, the Undersigned **respectfully recommends** the District Court deny without prejudice Celera's request and direct Celera to file a supplemental motion/memorandum that complies with the Local Rules detailing the attorneys' fees and costs incurred in connection with this proceeding, so that those fees and costs may be awarded.

### D. Currency Conversion

Plaintiff's final request is for the Court to convert the U.K. Judgment into U.S. currency. Florida courts support such conversion. *Tettamanti v. Opcion Sociedad Anonima*, 67 So. 3d 356, 358 n.9 (Fla. 3d DCA 2011) (affirming the trial court's decision to convert a foreign money judgment, stating, "[a]s a practical matter, conversion of a foreign (international) judgment into U.S. dollars is appropriate. Collection in Florida through garnishment, execution, or other remedies is far more difficult when the garnishee or sheriff is asked to engage in currency conversions.").

Other jurisdictions share Florida's rationale. *See BCB Holdings Ltd. v. Gov't of Belize*, 232 F. Supp. 3d 28, 49 (D.D.C. 2017) ("Conversion of foreign currency into dollars

at judgment is the norm, rather than the exception." (internal quotations omitted)); *Elite Entertainment, Inc. v. Khela Bros. Entertainment Inc.*, 396 F. Supp. 2d 680, 694 (E.D. Va. 2005) ("[C]ourts . . . agree that entering judgment in a foreign currency is strongly disfavored."); *see also* Restatement (Third) of the Foreign Relations Law of the United States § 823(1) (1987) ("Restatement") ("Courts in the United States ordinarily give judgment on causes of action arising in another state, or denominated in a foreign currency, in United States dollars, most judgments still are entered in U.S. dollars.").

Accordingly, the Undersigned **respectfully recommends** the U.K. Judgment be converted into U.S. currency.

## IV. Conclusion

Because the U.K. Judgment satisfies the procedures of the Recognition Act, the Undersigned **respectfully recommends** that the District Court enter a Final Judgment recognizing and domesticating the U.K. Judgment in accordance with the Recognition Act. Furthermore, the Undersigned also **respectfully recommends** that the District Court award Celera interest on the U.K. Judgment in accordance with Florida law. The Undersigned also **respectfully recommends** the District Court deny Celera's request without prejudice and instruct Celera to file a supplemental motion/memorandum that complies with the Local Rules detailing the attorneys' fees and costs incurred in connection with this proceeding, so that those fees and costs may be awarded. Finally,

the Undersigned **respectfully recommends** the District Court convert the U.K. Judgment to U.S. currency.

## V. Objections

The parties will have fourteen days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within fourteen days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on September 14, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All Counsel of Record